*Friday, May 31, 1996*
## MOTION DOCKET

**94–2208.** State v. Phillips. *Summit County,* No. 16487. This court received notification from the Supreme Court of the United States that said court on May 20, 1996, entered an order in No. 95–8342, *Ronald Phillips v. Ohio,* which stated:

"The petition for a writ of certiorari is denied."

Upon consideration that the stay of execution of sentence granted by this court on January 24, 1996 was conditioned upon final disposition of appellant's petition to the Supreme Court of the United States, and it appearing to this court that the Supreme Court of the United States has rendered a final disposition of the petition,

IT IS ORDERED that the stay of execution is hereby terminated as of the date of this entry.

IT IS HEREBY ORDERED by this court that the sentence be carried into execution by the Warden of the Southern Ohio Correctional Facility or, in his absence, by the Deputy Warden on Wednesday, the 28th day of August, 1996, in accordance with the statutes so provided.

IT IS FURTHER ORDERED that a certified copy of this entry and a warrant under the seal of this court be duly certified to the Warden of the Southern Ohio Correctional Facility and that the Warden shall make due return thereof to the Clerk of the Court of Common Pleas of Summit County.

IT IS FURTHER ORDERED by the court that, upon written application of appellant, and pursuant to *State v. Glenn* (1987), 33 Ohio St.3d 601, 514 N.E.2d 869, this court will grant one additional stay for a period ending six months from the date of this entry to allow appellant an opportunity to file a petition for post-conviction relief.

## RECONSIDERATION DOCKET

**96–952.** Daigle v. Fed. Correctional Inst., Inc. In Habeas Corpus. Reported at 75 Ohio St.3d 1482, 664 N.E.2d 534. On May 13, 1996, this court dismissed this cause. On May 22, 1996, petitioner filed a document titled "Notice of Objection in Habeas Corpus Entry and Demand to Reinstate Immediately."

IT IS DETERMINED by the court that petitioner's document is, in essence, a motion for reconsideration and shall be treated as such. Upon consideration of the motion for reconsideration, ·

IT IS ORDERED by the court that the motion be, and hereby is, denied.

**96–953.** Phlipot v. Fed. Correctional Inst., Inc. In Habeas Corpus. Reported at 75 Ohio St.3d 1482, 664 N.E.2d 534. On May 13, 1996, this court dismissed this cause. On May 23, 1996, petitioner filed a document titled "Notice of Objection in Habeas Corpus Order Entry; Demand to Reinstate Immediately and Affirmation to Quiet Title."

IT IS DETERMINED by the court that petitioner's document is, in essence, a motion for reconsideration and shall be treated as such. Upon consideration of the motion for reconsideration,

IT IS ORDERED by the court that the motion be, and hereby is, denied.

**96–969.** Price v. Fed. Correctional Inst., Inc. In Habeas Corpus. Reported at 75 Ohio St.3d 1482, 664 N.E.2d 535. Upon consideration of petitioner's motion for reconsideration, constructive notice and demand,

IT IS ORDERED by the court that the motion for reconsideration in this case be, and hereby is, denied.

**96–1138.** LaBeff v. Fed. Correctional Inst., Inc. In Habeas Corpus. Reported at 75 Ohio St.3d 1487, 664 N.E.2d 539. Upon consideration of petitioner's motion for reconsideration, constructive notice and demand,

IT IS ORDERED by the court that the motion for reconsideration in this case be, and hereby is, denied.